NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000210
24-JAN-2014
09:02 AM**

NO. CAAP-10-0000210

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

In the Matter of the T.H.G. MARITAL TRUSTS

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 06-1-0044)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Respondent-Appellant Kiana E. Gentry (Gentry) appeals from (1) the Judgment Regarding Order Granting Petition for Approval of Income and Principal Accounts for the Period January 1, 2008 Through December 31, 2008 (2008 Judgment) and (2) the Judgment Regarding Order Granting Petition for Approval of Income and Principal Accounts for the Period January 1, 2009 Through December 31, 2009 (2009 Judgment) (collectively, the Judgments[1]), both entered on November 9, 2010 in the Circuit Court of the First Circuit (Circuit Court)[2] in favor of Co-Trustees-Appellees Mark L. Vorsatz (Vorsatz) and First Hawaiian Bank (FHB) (collectively, Trustees).

On appeal, Gentry argues that the Circuit Court abused its discretion in awarding attorneys' fees and costs to the law firms representing the Trustees. FHB was represented by the law

---

[1] These Judgments were certified for appeal pursuant to Rule 34 of the Hawaiʻi Probate Rules and Rule 54 of the Hawaiʻi Rules of Civil Procedure.

[2] The Honorable Derrick H.M. Chan presided.

firms Sonnenschein Nath & Rosenthal (SNR) and Seyfarth Shaw LLP (Seyfarth).[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we conclude that the Circuit Court did not abuse its discretion in approving the Marital Trust's 2008 and 2009 accounts, including the payment of the Trustees' attorneys' fees and costs, as reasonable, necessary and beneficial to the Marital Trust.

We begin with the proposition that this court's decisions in the related cases, In the Matter of the Thomas H. Gentry Revocable Trust and In the Matter of T.H.G. Marital Trusts, Nos. 29727 and 29728, 2013 WL 376083 at *1, (App. Jan. 31, 2013) (mem.) (hereinafter referred to as "No. 29727") and In the Matter of the Thomas H. Gentry Revocable Trust, CAAP-10-0000208, 2013 WL 6043903 at *1, (App. Nov. 15, 2013) (SDO) (hereinafter referred to as "CAAP-10-0000208") are law of the case. State v. Gomes, 107 Hawai'i 253, 258, 112 P.3d 739, 744 (App. 2005) and to the extent that there are identical facts or issues decided in No. 29727 and CAAP-10-0000208, collateral estoppel may also bar their relitigation here. See Omerod v. Heirs of Kaheananui, 116 Hawai'i 239, 263-64, 172 P.3d 983, 1007-08 (2007); see also CAAP-10-0000208 at *1. Therefore, we consider Gentry's challenges to the approval of the 2008 and 2009 accounts in light of our ruling on the 2007 accounts and our ruling in CAAP-10-0000208 that addressed Gentry's challenge to the 2008 and 2009 accounts with regard to the Revocable Trust. Id.

First, following the reasoning stated in Appeal No. 29727 and CAAP-10-0000208, California law applies to the approval of the Marital Trust's accounts, which include the attorneys' fees and costs to be paid from the Marital Trust. There were no

_____

[3] During the course of the litigation, the principal attorney representing the Co-Trustees, Alan Yoshitake, moved from SNR to Seyfarth. Trustees were also represented by other firms, whose billing is not challenged on appeal.

2

attorneys' fees and costs for Seyfarth included in either the 2008 or 2009 petitions for the Marital Trust. Therefore, we address Gentry's arguments only as to SNR.

Gentry argues that the Circuit Court erred in approving attorneys' fees "without offering any explanation for the approval." To the extent Gentry is challenging the authority for the award of attorneys' fees and costs, as implied by her citation to City & Cnty. of Honolulu v. Hsiung, 109 Hawai'i 159, 179, 124 P.3d 434, 454 (2005), we reject the argument as meritless in light of our decision in No. 29727 at *10 citing to In re Griffith's Estate, 218 P.2d 149, 153 (Cal. Dist. Ct. App. 1950) ("A trustee is entitled to employ counsel and be reimbursed from the funds of the trust for reasonable sums paid for the services of such counsel whenever it is necessary to the proper administration, preservation or execution of the trust.")

Next, based on the reasoning in No. 29727 and in CAAP-10-0000208, "we reject Gentry's argument that the hourly rates charged by the Trustees' attorneys were unreasonable." CAAP-10-0000208 at *2.

Gentry also argues that SNR's "inadequate, excessive and block-billed invoices require reversal[.]" This argument maintains that because the billing invoices were deficient, they cannot support the Circuit Court's determination of reasonableness. Hawaii Ventures, LLC v. Otaka, Inc., 116 Hawai'i 465, 476-77, 173 P.3d 1122, 1133-34 (2007) (hereinafter referred to as "Hawaii Ventures II"), cited by Gentry, is distinguishable. There, the Hawai'i Supreme Court did not hold that block-billing in itself was impermissible. Rather, the Hawai'i Supreme Court's holding "merely illustrates that block billing is problematic where certain tasks are compensable but others are not." CAAP-10-0000208 at *2 (citing Hawaii Ventures II, 116 Hawai'i at 476-77, 173 P.3d 1133-34). Gentry does not argue that any of the tasks described in the billing were not compensable.

Gentry also argues that SNR's "invoices are replete with ambiguous work descriptions[,]" which "makes it difficult,

3

if not impossible to determine if the work performed . . . benefited the Marital Trusts." The parties do not disagree that "attorney's fees and expenses incurred in a trust litigation is properly payable out of estate funds where the litigation is for the benefit of the estate." Midkiff v. Kobayashi, 54 Haw. 299, 338, 507 P.2d 724, 746 (1973). California law similarly allows for the use of trust funds "to pay for legal advice regarding trust administration[.]" Wells Fargo Bank v. Superior Court, 990 P.2d 591, 599 (Cal. 2000). In addition, California courts have determined that "[p]reparing the accounting and responding to the beneficiaries' objections to that accounting are aspects of trust administration." Kasperbauer v. Fairfield, 88 Cal. Rptr. 3d 494, 499 (Cal. Ct. App. 2009).

However, under California law, "[d]etailed invoices are not required to support a fee determination so long as there is sufficient documentary evidence on which the court may base its conclusion." No. 29727 at *13 (citing PLCM Grp., Inc. v. Drexler, 997 P.2d 511, 519 (Cal. 2000)). The invoices submitted provided the requisite documentary evidence and the minute orders indicate that the Circuit Court reviewed the unredacted invoices before approving these fees. It was not an abuse of the Circuit Court's discretion to rely on those invoices and to award the requested fees.

Next, Gentry argues that the work done by SNR was duplicative or unnecessary due to the representation by other outside counsel. Gentry argues that "the Co-Trustees had overstaffed their representation with three different law firms[,]" and that the credentials of the previous representation negated any need "to have high-priced Mainland attorneys because of inadequate representation in Hawai'i."

However, Gentry provides no specifics to support her argument and does not claim that the work performed by SNR was in any manner redundant or duplicative of the work performed by other counsel. In light of the numerous objections and responses to the Trustees' petitions, the Trustees' responses, as well as

4

submission of the unredacted invoices submitted by SNR in this record, there is no support for Gentry's claim.

Similarly, there is no indication that any of the fees incurred were not for work that benefitted the Marital Trust or that the Circuit Court abused its discretion in approving the requested fees after its review of the invoices. California courts have determined that "[p]reparing the accounting and responding to the beneficiaries' objections to that accounting are aspects of trust administration." Kasperbauer, 88 Cal. Rptr. 3d at 499.

Finally, citing to Hawai'i case authority, Gentry argues that the Circuit Court abused its discretion in awarding compensation for costs related to messenger services.[4] However, we have held previously in No. 29727 that "HRS § 607-9 and related Hawai'i cases . . . do not apply to the approval of the trusts' accounts here." No. 29727 at *17.

For the foregoing reasons, the Circuit Court of the First Circuit's November 9, 2010 Judgments approving the accounts for the calendar years of 2008 and 2009 are affirmed.

DATED:  Honolulu, Hawai'i, January 24, 2014.

On the briefs:

Margery S. Bronster and
Jae B. Park
(Bronster Hoshibata)
for Respondent-Appellant

Presiding Judge

Carroll S. Taylor
(Taylor Leong & Chee) and
Keith P. Bartel
(Carr McClellan Ingersol
Thompson & Horn)
for Petitioners-Appellees
Mark L. Vorsatz & First
Hawaiian Bank

Associate Judge

Alan T. Yoshitake
(Seyfarth Shaw)
for Petitioner-Appellee First
Hawaiian Bank as Co-Trustee

Associate Judge

---

[4]    The costs that Gentry challenges are for delivery services in the amounts of $9.64 and $37.95.